UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN OTTO,

        Plaintiff,

v.

NATHAN KENYAN, NY State Trooper,
JOEY RICE, Adirondack Task Force,

        Defendants.

No. 8:15-CV-772
(GLS/CFH)

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Kevin Otto<br>170 Tanglewood Drive<br>Colchester, Vermont 05446<br>Plaintiff Pro Se | |
| New York State Attorney General<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | KELLY L. MUNKWITZ, ESQ.<br>SHANNAN COLLIER KRASNOKUTSKI,<br>  ESQ. |

### REPORT-RECOMMENDATION AND ORDER[1]

Presently pending before the Court is defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41 due to plaintiff's pro se Kevin Otto's repeated failure to attend court conferences, obey court orders, and appear for a scheduled deposition. Dkt No. 34. Plaintiff has not filed a response to that motion. For the reasons set forth below, is recommended that defendants' motion to dismiss for failure to prosecute be granted.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

**I. Background**

Plaintiff commenced this action on June 24, 2015. Dkt. No. 1 ("Compl."). On September 8, 2015, plaintiff filed an amended complaint. Dkt. No.12 ("Am. Compl."). On April 4, 2016, defendants filed an answer to the amended complaint. Dkt. No. 25. Plaintiff alleges in his amended complaint that Defendant Kenyon stopped the vehicle in which he was a passenger without probable cause based upon information provided by Defendant Rice. See generally Am. Compl. Plaintiff further alleges that he was stopped based on his race and was subject to an illegal search and seizure. Id.

On March 7, 2016, the Court issued a notice of hearing, scheduling a Rule 16 conference for April 19, 2016. Dkt. No. 23. The notice informed plaintiff that he was to appear in person, and that if he was unable to appear he was "to immediately advise the Court." Id. A copy of that notice was served on plaintiff by regular mail. Id. The notice also required plaintiff to serve mandatory disclosures by April 12, 2016. Id. Plaintiff has failed to serve mandatory discovery disclosures on defendants. Dkt. No. 34-1 at 2.

The Rule 16 conference was conducted on April 19, 2016. Dkt. Entry dated Apr. 19, 2016. Plaintiff failed to appear. Id. The Court attempted to contact plaintiff at the telephone number he had provided to the Court. The person who answered the telephone advised the Court that plaintiff was at work. Id. Later that day, plaintiff contacted the Court to explain his absence. Id. On April 22, 2016, the Court issued a Uniform Pretrial Scheduling Order which directed, among other things, that all discovery be completed by October 21, 2016. Dkt. No. 29. A copy of that Order was served on plaintiff by regular mail.

On June 9, 2016, plaintiff filed a letter motion seeking the appointment of counsel and advising the Court of his new address. Dkt. No. 30. On June 10, 2016, the Court

issued a Decision and Order denying without prejudice plaintiff's motion for appointment of counsel. Dkt. No. 31

On May 23, 2016, defendants served a notice of deposition on plaintiff. Dkt. No. 34-1 at 2. On May 27, 2016, defendants served an amended notice of deposition on plaintiff. Dkt. No. 34-1 at 6. The amended notice of deposition advised plaintiff that "your failure to attend, be sworn, and answer appropriate questions may result in sanctions being imposed against you, including dismissal of the action . . . ." Dkt. No.34-1 at 6. The notice of deposition and amended notice of deposition were served on plaintiff by regular mail. Dkt. No. 34-1 at 3. Plaintiff failed to appear for his deposition as scheduled on June 29, 2016. Dkt. No. 34-1 at 15. Defendants were required to pay $150.00 to the court reporter. Id.

On August 5, 2016, defendants filed a status report advising the Court that plaintiff failed to appear for his deposition. Dkt. No. 32. On August 15, 2016, the Court issued a text order scheduling a conference for August 29, 2016. Dkt. No. 33. The text order informed plaintiff of his duty to "immediately advise the Court" if he is unable to attend the conference, and stated "[p]laintiff is reminded that failing to appear for Court Ordered conferences or follow the rules of the Court may result in dismissal of this case." Id. A copy of that text order was served on plaintiff by regular mail at the address provided to the Court. Dkt. No. 33.

A conference was conducted on August 29, 2016. Plaintiff failed to appear for the conference. See Dkt. Entry dated Aug. 29, 2016. During the conference, the Court set a briefing schedule for defendants to file a motion to dismiss based on plaintiff's failure to prosecute. Defendants filed a motion to dismiss for failure to prosecute on September 19, 2016. Dkt. No. 34. Plaintiff failed to respond to that motion.

-3-

## II . Legal Standard

Fed. R. Civ. P. 41 provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." See Link v. Wabash R.R. Co., 370 U.S.626,629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 ( 2d Cir. 2014); see also N.D.N.Y. L.R. 41.2 (b). Since a Rule 41 (b) dismissal "is a harsh remedy. . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is pro se, "courts should be especially hesitant to dismiss for procedural deficiencies . . ." Spencer v. Doe, 139 F.3d 107,112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535 ); see also Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471,477 (2d Cir. 2006 ). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by the delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (additional citation omitted).

## III. Discussion

Addressing the first factor – duration of plaintiff's failure to comply – as set forth in detail above, despite being put on notice, plaintiff has failed to appear for various court conferences and depositions, and has failed to serve defendants with discovery demands or

-4-

discovery disclosures.  Lucas, 84 F.3d at 535.  Plaintiff's last filing in this case, and one of his only filings, was a motion for appointment of counsel and notice of a change of his address, which was filed six months ago.  Dkt. No. 30.  Since that filing, plaintiff was noticed of his deposition and of a court ordered conference, and failed to appear to either.  Dkt. Nos. 32, 33, 34.  As for the second factor, Lucas, 84 F.3d at 535 , plaintiff was put on notice that his failure to attend conferences and comply with Court orders could result in the dismissal of his action.  See Dkt. No. 33; Dkt. No. 34-1, Exh. A.

Next, defendants have been prejudiced as a result of plaintiff's failure to appear for a deposition and abide by this Court's orders, as defendant has been deprived of information needed to prepare their defense in this matter.  See Shannon v. Gen. Elec. Co., 186 F.3d,186,195 (2d Cir. 1999); Lucas, 84 F.3d at 535 .  Although this action has been pending for a year and a half, no discovery has been conducted.  Further, defendants were required to pay the court reporter's fees, despite plaintiff's failure to appear at his noticed deposition.  Dkt. No. 34-1 at 3.

In recommending the dismissal of this action, the undersigned is cognizant that dismissal is considered a harsh remedy, especially when invoked against a pro se plaintiff. See Salahuddin v. Harris, 782 F.2d 1127,1132 (2d. Cir. 1986); Sec. and Exch. Comm'n v. Research Automation Corp., 521 F. 2d 585, 588-89 (2d Cir.1975).  However, plaintiff was given notice of his failure to comply and failed to appear or respond on multiple occasions, contributing to congestion on this Court's docket as discovery in this case was due to have been completed by October 21, 2016 and motions were due by December 20, 2016.  Dkt. No. 29.  Given plaintiff's apparent abandonment of this action and repeated refusal to comply with this Court's orders, the Court finds that the imposition of a lesser sanction

would have no effect on plaintiff or this litigation which has been pending since June 24, 2015. See Dkt. No. 1.

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendant's Motion to Dismiss for Lack of Prosecution (Dkt. No. 34) be **GRANTED** and plaintiff's complaint be **DISMISSED in its entirety with prejudice**; and it is

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1( c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court**. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**IT IS SO ORDERED**.

Dated: December 21, 2016
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge